**GLASS, MOLDERS, POTTERY, PLASTICS & ALLIED WORKERS INTERNATIONAL UNION (AFL—CIO, CLC), LOCAL 421, Plaintiff,**

v.

**A–CMI MICHIGAN CASTING CENTER, Defendant.**

No. 1:98–CV–20.

United States District Court,
W.D. Michigan,
Southern Division.

May 19, 1998.

Joan Torzewski, Lakey, Nusbaum, Harris, Reny, et al., Toledo, OH, for plaintiff.

Anthony R. Comden, Paul M. Kara, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for defendant.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on Defendant A–CMI Michigan Casting Center's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and for Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court resolves the Motion on the first of Defendant's arguments and does not reach the second argument.

### I.

Defendant A–CMI Michigan Casting Center (hereafter "Defendant" or "A–CMI") is located in Fruitport, Michigan. Defendant is in the business of manufacturing automobile castings. It currently conducts business through four divisions: Foundry; Prototype Airset; Tool and Mold; and Metal Mold. Plaintiff Glass, Molders, Pottery, Plastics & Allied Workers International Union (AFL—CIO), Local 421 (hereafter "Plaintiff" or "GMP") is a labor organization and the certified bargaining representative of the hourly production and maintenance employees in Defendant's Foundry Division. According to Defendant, its divisions operate and have operated as separate businesses with separate products, customers, employees, and management. According to Plaintiff, the divisions have not operated as distinct businesses.

Plaintiff and Defendant have agreed to a collective bargaining agreement containing an arbitration clause. The current collective bargaining agreement is effective from November 3, 1997 through July 1, 2000 and supersedes an earlier agreement also containing an arbitration clause.

On January 9, 1998, Plaintiff filed the instant complaint pursuant to Section 301 of the Labor Relations Management Act, 29 U.S.C. § 185(c), for specific enforcement of the arbitration clause of the collective bargaining agreement as to a grievance filed on June 5, 1996, which complained that the collective bargaining agreement was violated by the use of non-bargaining unit personnel in the "so-called Metal Mold area." According to Defendant, it unambiguously refused to arbitrate this grievance in a telephone call on December 19, 1996 between its attorney (Paul Kara) and GMP's Executive Officer (Bruce Smith). Plaintiff denies that the December 19, 1996 telephone call and a subsequent letter of January 15, 1997 from Kara to Jewell Myers of the Federal Mediation and Conciliation Service constituted an unambiguous refusal to arbitrate. Plaintiff, by letter of its attorney (Carl Yaller) of January 30, 1997 to Paul Kara, asked Kara to clarify his position. Kara did not answer the letter. According to Plaintiff, the Defendant did not make its position clear until April 1, 1997,

when it filed an unfair labor charge with the Seventh Region of the National Labor Relations Board alleging that Plaintiff had, by threatening strike over the dispute, violated Section 8(b)(4)(ii)(D) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4)(ii)(D). In addition to alleging the unfair labor charge, Defendant's papers also made clear that the Defendant was of the opinion that the dispute was not subject to arbitration. On October 10, 1997, the Board resolved the charge against the Defendant on the ground that the Section was not intended to cover this dispute. Plaintiff and Defendant now contest whether Plaintiff has complied with the six-month statute of limitations applicable under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), by the filing of this lawsuit in January of 1998. Plaintiff and Defendant agree, though, that unless the limitations period was tolled the action is untimely.

## II.

This Motion is brought pursuant to Federal Rule of Civil Procedure 56. Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *City Management Corp. v. U.S. Chemical Co.*, 43 F.3d 244, 250 (6th Cir.1994). The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 205 (6th Cir.1995) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). If, after adequate time for discovery on material matters at issue, the non-movant fails

to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548; *see also* Fed.R.Civ.Proc. 56(f).

In this matter, the Rule 56 Motion is made early in the proceedings prior to the completion of discovery. The timing of this Motion precludes the Court from addressing what is essentially a factual question—namely, whether the Defendant prior to April 1, 1997 unambiguously refused to arbitrate the dispute at issue. However, the lack of discovery does not preclude the Court from addressing what is essentially a legal question—namely, whether the Defendant's filing of an unfair labor charge tolled the statute of limitations.

## III.

Plaintiff and Defendant agree that the applicable statute of limitations is six months pursuant to 29 U.S.C. § 160(b) and the holding of the Sixth Circuit Court of Appeals in *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237 (6th Cir. 1987). Plaintiff and Defendant also agree that the instant claim accrues "when the union takes an unequivocal position that it will not seek arbitration." *McCreedy*, 809 F.2d at 1236; *International Association of Machinists and Aerospace Workers v. Tennessee Valley Authority*, 108 F.3d 658, 667 (6th Cir.1997). For the purposes of this Motion, the Court determines as a matter of law that the claim accrued no later than April 1, 1997, the date of the filing of the unfair labor charge, since on that date, if not earlier, the Defendant's refusal to arbitrate became manifest. Since the complaint was filed on January 9, 1998, the complaint is untimely absent some tolling of the limitations period. The Plaintiff maintains, and the Defendant contests, that the filing of the unfair labor charge tolled the limitations period.

An analysis of the tolling question must begin with the Sixth Circuit Court of Appeals' decision in *Adkins v. International Union of Electrical, Radio & Machine Workers*, 769 F.2d 330, 335 (6th Cir.1985). The *Adkins* Court considered hybrid Section 301/unfair representation claims by employees against unions and the employer for the

making of a collective bargaining agreement that allegedly was not in the interests of the persons represented. In considering those claims, the Sixth Circuit said that "[a]n NLRB filing, therefore, does not toll or prevent the accrual of [a hybrid Section 301] claim." *Id.* This result is none too surprising in the context of hybrid Section 301 claims since the United States Supreme Court has in such cases expressly permitted plaintiffs to independently and concurrently pursue remedies through the NLRB and the courts. *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)); *see also DelCostello v. Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although the simultaneous pursuit of remedies is the usual rule in Section 301 suits, Plaintiff argues that it could not have been pursuing its Section 301 remedies in district court after April 1997 because the Defendant was seeking a ruling from the NLRB which might have precluded the filing and maintenance of the suit as an unfair labor practice. In support of this position, the Plaintiff cites the decision of the Third Circuit Court of Appeals in *Local 30, United Slate, Tile & Composition Roofers v. N.L.R.B.*, 1 F.3d 1419 (3rd Cir.1993), and other similar cases. Plaintiff thus argues that the limitations period was tolled from the filing of the unfair labor charge in April 1997 until its resolution in October 1997.

Plaintiff's argument misreads the *Roofers* decision, and the other similar cases, and misunderstands the logic of those decisions. The rationale of the *Roofers* decision follows from the recognition of the United States Supreme Court in *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 737 n. 5, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983), that the Board may enjoin suits whose objectives are illegal as determined by the Board. The *Roofers* decision says nothing about tolling *per se* and nothing about a situation in which the Board fails to determine that the objectives are illegal. The decision in *Roofers* expressly concerned the maintenance of a Section 301 action to enjoin arbitration after the NLRB had issued an inconsistent Section 10(k) ruling (29 U.S.C. § 160(k)) relating to unions' rights to work. The *Roofers* decision upheld the Board's determination that maintenance of the suit after the inconsistent Section 10(k) ruling was an unfair labor practice the Board could enjoin. *Id.* at 1429. In this case, Plaintiff wants the *Roofers* decision applied before the issuance of an inconsistent Board ruling as a basis for tolling the limitations period. Such an interpretation runs contrary to the policy implicit in Section 10(b), as recognized in *Adkins*, that labor disputes be resolved expeditiously and without delay. The strict enforcement of the limitations period in no way jeopardizes the Plaintiff's rights since the Plaintiff, if inconsistent rights are determined, may then elect to discontinue the court action pursuant to Federal Rule of Civil Procedure 41. The law does not require the Plaintiff to predict how the Board will resolve the rights of representation and, likewise, does not excuse the Plaintiff from delaying its court action in fear of an inconsistent Board determination. Accordingly, the Court determines that the limitations period was not tolled during the pendency of the unfair labor charge and that this action is barred since filed more than six months after the claim accrued.

IV.

Therefore, the Court determines that the Defendant's Motion shall be granted and that summary judgment shall be entered in favor of the Defendant pursuant to Federal Rule of Civil Procedure 56. Judgment shall issue in accordance with this Opinion.